**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**ROBERTO FIGUEREDO GARCIA** **CIVIL ACTION**

**VERSUS** **NO. 26-919-EWD**

**U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, ET AL.**

**ORDER**

Before the Court is the Motion to Transfer (R. Doc. 11) this habeas litigation to the Western District of Louisiana, filed by the Federal Respondents. Anticipating this transfer, the Federal Respondents also filed a Motion for Partial Relief from the Amended Standing Order (R. Doc. 17), asking to vacate the deadlines to respond to the Petition and to submit alien registration file ("A-File"). For the reasons explained below, the Motion to Transfer will be granted in part and the Motion for Partial Relief will be granted.

"For core habeas petitions, jurisdiction lies in only one district: the district of confinement." *J.J.G. v. Trump*, 604 U.S. 670, 672 (2025), citing *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) (internal quotations omitted). Critical here, the district of confinement is determined at the time the habeas petition was filed; subsequent transfers do not divest that court of jurisdiction. *See Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014) (transferring the habeas petition to the place of incarceration at the time of filing, and noting, "When [the petitioner] filed his petition, he was incarcerated in a federal prison within the Middle District of Pennsylvania. . . . Jurisdiction attached on that initial filing for habeas corpus relief, and it was not destroyed by the transfer of petitioner and accompanying custodial change.") (collecting cases).[1]

[1] *See also Rumsfeld v. Padilla*, 542 U.S. at 441 ("[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release.").

The Federal Respondents move to transfer this case to the Western District of Louisiana where Petitioner was confined on August 24, 2026—the day this Court received the habeas petition. But because Petitioner filed his habeas petition pro se and from inside an Immigration and Customs Enforcement ("ICE") detention center, the time of filing is determined by the "prison mailbox rule"—not, as the Federal Respondents suggest, on the date it is later received by the Court. *Fosu v. Garland*, 36 F.4th 634, 637 (5th Cir. 2022) ("[T]he prison mailbox rule applies to pro se detainees in immigration proceedings."); *see also Somodevilla v. Warden, Fla. Soft Side South Detention Facility*, No. 26-cv-1372, 2026 WL 1379034, at *1 (M.D. Fla. May 18, 2026) (prison mailbox rule controls filing date for noncitizen in immigration detention's habeas petition; government incorrectly suggested filing date was date court received the petition).

Under the prison mailbox rule, a pro se court-filing is "deemed filed on the date it is delivered to prison authorities for mailing." *Somodevilla*, 2026 WL 1379034, at *1 (applying prison mailbox rule to determine correct jurisdiction for habeas petition of ICE detainee); *Yong Yang v. Gantt*, No. 26-cv-1420, 2026 WL 2533299, at *2 (W.D. Okla. Aug. 27, 2026) (same); *Roman v. Field Off. Dir.*, No. 26-cv-8444, 2026 WL 2030086, at *1 (D.N.J. July 14, 2026) ("Although this Court did not receive Petitioner's habeas petition until July 9, 2026, Petitioner submitted the petition for mailing on June 29, 2026 . . . . [D]ocuments filed by detainees are generally considered to be filed when handed over for mailing . . . .").

Here, the habeas petition affirmatively declares that Petitioner placed it "in the prison mail system" on August 18, 2026, although it was not docketed by this Court until August 24, 2026. Doc. 1, p. 8. According to Declaration of ICE Acting Assistant Field Office Director, Justin Williams (the "Williams Declaration"), submitted in support of the Motion to Transfer, the

---

Petitioner was "transferred to the Port Isabel Service Processing Center in Los Fresnos, Texas" on August 14, 2026, and he remained at Port Isabel until being transferred to Winn Correctional Center on August 24, 2026. Doc. 11-2, p. 2, ¶¶ 13, 14. Therefore, Petitioner was detained at Port Isabel in Texas—not Winn Correctional Center in Louisiana—when his habeas petition was filed on August 18, 2026, *i.e.*, placed in the prison mail system.

"The Port Isabel SPC is located in Cameron County, Texas, within the Southern District of Texas, Brownsville Division." *Rosales Walle v. Mullin*, No. 26-cv-242, 2026 WL 2508142, at *1 (S.D. Tex. Aug. 25, 2026), citing 28 U.S.C. § 124(b)(4); *see also* Williams Declaration, R. Doc. 11-2, p. 2, ¶ 13. As it is the district where Petitioner was detained at the time his habeas petition was filed, the proper court for transfer is the Southern District of Texas, not the Western District of Louisiana.

**IT IS ORDERED** that the Motion to Transfer (R. Doc. 11), filed by Federal Respondents, is **GRANTED IN PART**. This case will be **TRANSFERRED** to the United States District Court for the Southern District of Texas, Brownsville Division, which is where Petitioner was detained at the time his habeas petition was filed.

**IT IS FURTHER ORDERED** that the Motion for Partial Relief from the Amended Standing Order (R. Doc. 17) is **GRANTED**. The Federal Respondents are relieved of the obligation to comply with the deadlines contained in the Amended Standing Order (R. Doc. 4).

**IT IS FURTHER ORDERED** that the Clerk of Cout will deliver a copy of this Order to Petitioner at Winn Correctional Center to ensure that he receives notice.

Signed in Baton Rouge, Louisiana, on October 23, 2026.

Erin Wilder-Doomes

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**